Richardson, Ch. J.,
delivered the opinion of the court:
It appears that the Overton Hotel, a large building, was •owned by the claimant corporation, with the land • attached thereto, situated in Memphis, Tenn., when, just before completion for hotel purposes, in November, 1861, it was taken possession of by the Confederate military forces, then in control •of Memphis. It was held and used by them exclusively for a military hospital for their sick and wounded soldiers until *187 June 6, 1862, when tbe city of Memphis was captured by the military forces of the United States.
The property was then immediately taken possession of by the United States forces, and its use-as a hospital was continued, not only for their own sick and. wounded soldiers, but also for those of the Confederate army found there when captured, until September, 1865, when it was surrendered to the ■claimant corporation.
The claim of the corporation, transmitted by the Committee on War Claims of the House of Eepresentatives, is compensation for the use and occupation of this property from January 1,1863, to September, 1865.
The third section of the Bowman Act-of March 3,1883 (22 Stat. L., ch. 116), provides as follows:
“ Sec. 3. The jurisdiction of said court shall not extend to or include any claim against the United States growing out of the destruction or damage to property by the Army or Navy during the war for the suppression of the rebellion, or for the use mid occupation of real estate. by-any part of the military or naval forces of the United States in the operations of said Jorees during the said war at the seat of war? *' * *
There can be no doubt that at the time of the capture of Memphis and for some time thereafter this real estate was “ at the seat of war” and that it was occupied by the military forces of the United States “ in the operations of said forces during the said war” of the rebellion.
It is conceded on the part of the claimant that such was the ■case up to January 1,1863, when President Lincoln issued his emancipation proclamation (12 Stat. L., 1268), wherein he designated what States and parts of-States were then in rebellion against the United States, among which no part of Tennessee was named, ltent is not claimed for. the occupancy previous to that time.
It is argued that from and after that date it must be held that the whole State ceased to be in rebellion, and that, as no actual collision of the opposing armies engaged in the war took place and no active hostilities were going on there, Memphis was no longer “at the seat of war” within the meaning of the .act.
But, whatever may have been the effect of the President’s proclamation of emancipation, we are of opinion that Congress, in the passage of the Bowman Act, intended .to exclude from *188 the jurisdiction of this court claims for the use and occupation of real estate begun by the military forces of the United States in their operations during the war at the seat of war and con-tinned thereafter so long as said forces were engaged in military operations for the suppression of the rebellion.
The occupation and use of the hotel property were precisely the same and just as much the result of active warfare after as before the 1st of January, 1863.
We have no jurisdiction further to find the facts, and the case is dismissed. The clerk will certify a copy of this opinion to the House of Bepresentatives for the Committee on War Claims.