Nott, Ch. J.,
delivered the opinion of the court:
This is a case coming into the court under the first section of the Bowman Act. It is brought to recover rent for the use and occupation of the court-house and jail of Berkeley County', W. Va., by the troops of the United States for a period of, as alleged, three years and four months.
The defendants raise the question of jurisdiction upon the ground that Berkeley County was within “the seat of war” during the time of occupancy within the meaning and intent of the third section of the act. This is denied by the claimant, who contends that Berkeley County was not hostile territory, but was, like Norfolk and West Virginia, loyal territory within the intent of the stattite and under the decisions of the court.
The difference between the county of Berkeley and the county of Norfolk was stated in the Heflebower Case (21 C. Cls. R., 228, 233):
“There was still another kind of territory which has already been a subject of consideration — a narrow strip of Virginia, embracing the towns of Alexandria and Norfolk, which was declared in insurrection, but which almost immediately was recovered by the forces of the Government. The peculiarity of its status is that within it sat the recognized loyal government of Virginia, the only government which consented to the cession of West Virginia; and that each of the Houses of Congress recognized it as loyal territory by the admission of Senators and Representatives as early as July, 1861.”
The county of Berkeley, on the other hand, being east of the Alleghenies, was declared in insurrection by the President, by proclamation, August 16, 1861, and continued to be so until it was excepted and recognized as loyal territory by some act of the political branches of the Government.
The claimant’s counsel, for that recognition, relies upon the emancipation proclamation of January 1, 1863, and upon an order of the governor of West Virginia directing a vote to be taken in the county on the fourth Tuesday of May, 1863, on *207 the question of including the county within the boundary of West Virginia, if a majority of the votes so cast should be in favor of it, followed by the consent of the legislature on the 5th August, 1863, for the admission of the county, and providing for the election of county officers (1 W. Va. R., 72), and by the ultimate ratification of this by Congress, March 10, 1866. He also relies upon parol evidence showing that the county maintained always lo.yal adhesion to the. Constitution and the Union, and was always controlled by loyal men (3 W. Va. Court of Appeals R., 461).
As to the last proposition, this court has uniformly held that what was or was not hostile territory during the civil war could be determined only by the President or Congress, and could not be inquired into or passed upon by the judiciary. As to the other grounds relied upon by counsel, the proclamation of January 1, 1863, and the recognition of the county as a part of the State of West Virginia by the legislature of that State, the court does not express an opinion for the following reasons:
In the Overton Hotel Company's Case (23 C. Cls. R., 186) it was held that “if the military occupation of real property in Tennessee began while the State was hostile territory, i. e., prior to the emancipation proclamation January 1, 1863 (which recognized the State as no longer in rebellion), the court is prohibited from exercising jurisdiction under the Bowman Act.” That ruling has been uniformly adhered to, and it seems to the court decisive of the presents case. The occupation here began in July, 1861, or in March, 1862, and certainly before the proclamation of January 1, 1863, or the recognition of the county as a part of West Virginia, in August, 1863. It should be added that the county of Berkeley was characterized bjr the court 'in the Heflebower case (21 C. Cls. R., 233) as “territory which continued hostile through the war.” The court must therefore hold that it is inhibited from exercising jurisdiction by the third section of the Bowman Act. The case will be so reported to Congress.